UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

ISAIAS RANDOLPH
617 East Henry Clay Street, Apartment 3
Whitefish Bay, Wisconsin 53217

    Plaintiff,

v.

CARGILL COCOA & CHOCOLATE, INC.
P.O. Box 5610
Minneapolis, Minnesota 55440

    Defendant

Case No: 21-cv-681

**JURY TRIAL DEMANDED**

---

## AMENDED COMPLAINT

COMES NOW Plaintiff, Isaias Randolph, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the court as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Americans with Disabilities Act ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.* ("ADAAA"), and pursuant to 28 U.S.C. § 1343 because this case involves an Act of Congress providing for protection of civil rights.

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b) and (c), because a substantial portion of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES AND COVERAGE

3. Plaintiff, Isaias Randolph, is an adult male resident of the State of Wisconsin residing in Milwaukee County with an address of 617 East Henry Clay Street, Apartment 3, Whitefish Bay, Wisconsin 53217.

4. Defendant, Cargill Cocoa & Chocolate, Inc., is a Minnesota corporation with a principal place of business of P.O. Box 5610, Minneapolis, Minnesota 55440.

5. Defendant is a food manufacturer.

6. During Plaintiff's employment with Defendant, Defendant employed more than fifteen (15) employees.

7. Defendant is a covered employer for purposes of the ADA.

8. Plaintiff filed an employment discrimination complaint against Defendant with the Equal Employment Opportunity Commission ("EEOC") – Milwaukee Area Office, designated as Charge No. 443-2018-01741, alleging violations of the ADA.

9. The EEOC issued Plaintiff a Notice of Right to Sue on Charge No. 443-2018-01741, dated March 31, 2021.

10. On June 2, 2021, Plaintiff filed his Complaint against Defendant. (ECF No. 1.)

11. Plaintiff has satisfied all administrative remedies and all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

12. In approximately October 2017, Defendant hired Plaintiff into the hourly-paid, non-exempt position of Packer working primarily at Defendant's Milwaukee, Wisconsin location, located at 12500 West Carmen Avenue, Milwaukee, Wisconsin 53225.

13. From approximately the years 2018 to 2021, Plaintiff has suffered from multiple physical health conditions and ailments, including but not limited to Adhesive Capsulitis and severe pain his is back, right hip, right leg, and nerves – all of which are permanent physical health conditions that have significantly and substantially impacted the normal functioning of Plaintiff's musculoskeletal system, and, at times, Plaintiff's ability to walk, run, bend, lift, squat, stretch, perform manual tasks and hobbies, and work (hereinafter simply, Plaintiff's "Disability").

14. From approximately the years 2018 to 2021, the negative and exacerbating effects of Plaintiff's Disability has resulted in prescription medication use, major and corrective surgeries (including surgery on his right hip during the year 2019, and surgery on his right knee during the year 2020), other medical procedures, and anticipated and ongoing care – including but not limited to the possibility of medically inserting metal rods into his back and right hip in order to reduce his pain and aid in the proper and normal functioning of his back, hip, and leg.

15. To date, Plaintiff's Disability continues to significantly and substantially impact the normal functioning of his musculoskeletal system, and, at times, his ability to walk, run, bend, lift, squat, stretch, perform manual tasks and hobbies at home and throughout his everyday life, and work.

16. During Plaintiff's employment with Defendant, Plaintiff reported directly to Anthony T. (last name unknown), Supervisor.

17. During Plaintiff's employment with Defendant: Taylor (last name unknown) was also a Supervisor at Defendant; Andrew (last name unknown) and Ryan (last name unknown) were Defendant's Department Managers; and Cheryl (last name unknown) was Defendant's Safety Representative.

18. On or about April 16, 2018 and while at work at Defendant, Plaintiff physically injured himself, resulting in the physical manifestations of his Disability.

19. During Plaintiff's employment with Defendant and particularly from approximately April 2018 to June 2018, Plaintiff verbally informed Taylor, Andrew, Ryan, and Cheryl of his April 16, 2018 work injury, the physical manifestations of his Disability, the pain he was in as a result of his Disability, and his physical work restrictions as a result of his Disability.

20. During Plaintiff's employment with Defendant and particularly from approximately April 2018 to June 2018, Plaintiff's physical work restrictions as a result of his Disability included restrictions and limitations regarding lifting, walking, standing, and bending.

21. During Plaintiff's employment with Defendant from approximately April 2018 to June 2018 and despite Plaintiff's physical work restrictions and limitations regarding lifting, walking, standing, and bending, Plaintiff was nonetheless able and available to perform the job duties and responsibilities of his Packer position.

22. During Plaintiff's employment with Defendant and particularly from approximately April 2018 to June 2018, Defendant did not abide by Plaintiff's physical work restrictions as a result of his Disability, and instead knowingly assigned Plaintiff to duties, tasks, and assignments that violated those physical work restrictions.

23. During Plaintiff's employment with Defendant and particularly from approximately April 2018 to June 2018, Plaintiff attended medical appointments and therapy sessions as a result of his Disability.

24. During Plaintiff's employment with Defendant and particularly from approximately April 2018 to June 2018, Defendant was aware that Plaintiff as attending medical appointments and therapy sessions as a result of his Disability.

25. During Plaintiff's employment with Defendant and particularly from approximately April 2018 to June 2018, Defendant disciplined Plaintiff by issuing him attendance points for attending medical appointments and therapy sessions as a result of his Disability.

## FIRST CAUSE OF ACTION – AMERICANS WITH DISABILITIES ACT
## (TERMS & CONDITIONS)

26. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

27. Defendant intentionally discriminated against Plaintiff in the terms and conditions of his employment because of his Disability by violating his work restrictions and issuing him attendance points for attending medical appointments and therapy sessions as a result of his Disability, in reckless disregard for his federally protected rights under the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.*

28. As a result of Defendant's intentional discrimination, Plaintiff suffered damages in the forms of lost wages and other employment benefits, pain and suffering, emotional distress, pre-judgment interest and post-judgement interest, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION – AMERICANS WITH DISABILITIES ACT (FAILURE TO ACCOMMODATE)

29. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

30. Defendant intentionally discriminated against Plaintiff by failing to reasonably accommodate his Disability by violating his work restrictions and issuing him attendance points for attending medical appointments and therapy sessions as a result of his Disability, in reckless disregard for his federally protected rights under the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.*

31. As a result of Defendant's intentional discrimination, Plaintiff suffered damages in the forms of lost wages and other employment benefits, pain and suffering, emotional distress, pre-judgment interest and post-judgement interest, and attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing back pay, front pay and/or reinstatement, compensatory damages, punitive damages, pre- and post-judgment interest, and reimbursement for other benefits and expenses to be shown at trial;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 8th day of September, 2021

                                            WALCHESKE & LUZI, LLC
                                            Counsel for Plaintiff

                                            **s/ *Scott S. Luzi*** _____
                                            James A. Walcheske, State Bar No. 1065635
                                            Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail sluzi@walcheskeluzi.com